Scott E. Gizer, State Bar Number 221962
 *sgizer@earlysullivan.com*
Andrew H. Steinberg, State Bar Number 299460
 *asteinberg@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Plaintiff Sun West
Mortgage Company, Inc,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN WEST MORTGAGE COMPANY, INC, a California corporation,<br><br>            Plaintiffs,<br><br>vs.<br><br>MLD MORTGAGE INC, a New Jersey corporation,<br><br>            Defendants. | Case No.: 2:18-cv-5529<br><br>**COMPLAINT FOR (1) BREACH OF CONTRACT AND (2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |



192376.4

**COMPLAINT**

Plaintiff Sun West Mortgage Company, Inc. ("Sun West") hereby files this Complaint against Defendant MLD Mortgage Inc, ("MLD") as follows:

## I. INTRODUCTION

1. Sun West brings this complaint to address breaches of contract and other misconduct by MLD in connection with Sun West's and MLD's recertified Mortgage Broker & Correspondent Agreement ("Agreement") pursuant to which MLD would sell mortgage loans to Sun West. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference.

## II. PARTIES

2. Sun West is, and at all relevant times herein was, a corporation organized and existing under the laws of the State of California with its principal place of business in Buena Park, California.

3. Upon information and belief, MLD is, and at all relevant times herein was, a New Jersey corporation engaging in business in California.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Paragraph 16.a. of the Agreement between Sun West and MLD, entitled "Applicable Law," and reads as follows:

> "This Agreement is deemed to have been made in Cerritos, California, and it shall be interpreted and construed in accordance with, and shall be governed by, the laws of the State of California. Any suit or proceeding shall be brought in the federal or state courts located in Los Angeles County, California, which courts shall have sole and exclusive in persona, subject matter and other jurisdiction in connection with such suit or proceedings, and venue shall be appropriate for all purposes in such courts. [MLD] expressly waives all defenses based on lack of jurisdiction and inconvenient venue." (Ex. A," at ¶ 16(a)).

5. Additionally, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court because Sun West and MLD consented to litigation in this venue in the Agreement. (Ex. "A," at ¶ 16). Furthermore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action have occurred and/or will occur in this District. See e.g. (Ex. "A," at ¶ 16 ("This Agreement is deemed to have been made in Cerritos, California")).

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7. On or about June 30, 2014, Sun West and MLD entered into the Agreement pursuant to which MLD would sell mortgage loans to Sun West.

8. Paragraph 3 of the Agreement, entitled "REPRESENTATIONS AND WARRANTIES," includes, among others, the following provisions:

    a. "vi. There are to [MLD's] knowledge, no actions, suits or proceedings pending or threatened against or affecting …or (B) which involve the Mortgage Loan,[1] the mortgaged property, or the borrower." (Ex. A, at ¶ 3(a)(vi)).

    b. "xiii. There is no action, proceeding or investigation pending with respect to which [MLD] or any guarantor has received service of process or, to the best of [MLD's] or either guarantor's knowledge threatened against it before any court, administrative agency or other tribunal … (E) which might materially and adversely affect the validity of the Mortgage Loans or the performance by it of its obligations under, or the validity or enforceability of this Agreement, the guaranty or any other agreement among the parties." (Ex. A, at ¶ 3(a)(xiii)).

9. Paragraph 5 of the Agreement sets forth certain occurrences and situations that constitute an "Event of Default" under the Agreement. Among other events, an Uncured Breach occurs when [MLD] or any guarantor has breached any representation, warranty, covenant, or other obligation contained in this Agreement, … has failed to cure such breach to the satisfaction of [Sun West] within ten (10)

---

[1] As defined by the Agreement, the term "Mortgage Loan" "means a loan sold or to be sold to [Sun West] pursuant to this Agreement and includes all Mortgage Loan Documentation, monthly payments, principal payments, insurance proceeds, and all other rights, benefits, proceeds, and obligations arising from or in connection with the Mortgage Loan, including, without limitation, servicing rights." (Ex. A).



Case 2:18-cv-05529 Document 1 Filed 06/21/18 Page 4 of 7 Page ID #:4

days... such inaccuracy shall be deemed a breach of the applicable representation or warranty.

10. Upon the occurrence of an Event of Default, Sun West has the option to elect, at its sole discretion, any one or more of the remedies specified in Paragraph 6(a) of the Agreement.

11. One of the remedies upon the occurrence of an Event of Default, requires MLD to repurchase the loan at the "Repurchase Price" (defined in certain identified guides), and pay an additional fee of $2000 as reimbursement for Sun West's administrative expenses. All mortgage loan repurchases were to be completed within twenty (20) days following receipt of written notice from Sun West. The repurchase price, including the $2,000 reimbursement is $398.941.91.

12. Another remedy provided for in the Agreement requires MLD to reimburse Sun West with respect to, "any and all losses, damages, demands, claims, liabilities, costs and expenses, including reasonable attorneys' fees, whether or not a lawsuit is filed (collectively, 'Losses'), of any nature or cause whatsoever, incurred by reason of or arising out of or in connection with: (A) an Event of Default . . . ."

13. Upon the occurrence of an Event of Default and Sun West's election of the remedies, Paragraph 6(b) of the Agreement requires MLD to pay the amount indicated on Sun West's invoice within ten (10) days of receipt of the invoice.

14. Paragraph "16," of the Agreement includes, among others, the following provision:

    a. "k. <u>Attorneys' Fees and Costs.</u> In the event of any controversy, claim or action between the parties, arising from or related to this agreement, the prevailing party will be entitled to receive from the other party its reasonable attorneys' fees and costs." (Ex. "A," at p. 16 ¶ 16(k)).

15. Under the Agreement, MLD sold Sun West a substantial Loan No. 1153410094-00 (the "Loan") related to a real property located in New Jersey.



3
**COMPLAINT**

However, before MLD sold the Loan to Sun West, MLD became aware of certain issues related to the legitimacy of MLD's *secured* interest in the Property and initiated a legal action on the Loan.

16. Despite MLD's contractual obligation to inform Sun West of the legal proceedings and potential invalidity of MLD's interest in the Property, MLD failed to inform Sun West of the various material issues related to the Loan.

17. As a result of MLD's failure to live up to its contractual and implied obligations, Sun West was forced to relinquish its interest in the Loan. However, Sun West was able to limit its loses to a degree through Fidelity National Title Insurance Company ("Fidelity"), the title insurance company that provided the lender's title insurance policy insuring he lien on the Loan. In connection with a title action, Fidelity paid Sun West $205,692.00 (representing policy limits) under Sun West's lenders title insurance policy on the Loan. After application of these monies to the balance of the Loan, Sun West is left with a Loan that is unsecured in violation of the terms and requirements of the Agreement, and has to date, been damaged in the amount of $193,249.91, plus fees and interest which continues to accrue.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

18. Sun West repeats and realleges the allegations contained in Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Sun West and MLD are both parties to the Agreement, which is a valid written contract fully enforceable according to its terms.

20. Sun West has performed all of the conditions and covenants required of them to be performed under the Agreement, except to the extent such performance was excused or prevented. Sun West has satisfied each and every condition precedent under the Agreement for commencing suit against MLD.

21. As set forth above, pursuant to the Agreement, MLD is obligated to

pay any and all losses, damages, etc. of any nature or cause whatsoever, incurred by reason of or arising out of or in connection with an event of default.  Each breach by MLD of the Agreement enumerated above constitutes, individually and collectively, a material breach of the Agreement.

22. As a direct and proximate result of MLD's breaches, Sun West has been damaged in an amount according to proof at trial, but in excess of $25,000, plus interest, exclusive of interest and costs.

## SECOND CLAIM FOR RELIEF

**(Breach of the Covenant of Good Faith and Fair Dealing)**

23. Sun West repeats and realleges the allegations contained in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Like all contracts, the Agreement contains implied covenants of good faith and fair dealing.  The implied covenant requires, among other things, that MLD treat Sun West fairly and in good faith, and do nothing to deprive Sun West of the benefits of the Agreement and/or to frustrate the agreed-upon purposes of the Agreement. The obligations of the covenant extend beyond the formation of the contract and to its enforcement.

25. MLD unfairly and in bad faith deprived Sun West of the benefit of the bargain between the parties and the right to receive the benefits of the Agreement by their conduct, including by knowingly and intentionally failing to disclose to Sun West the existence of the Claim and the MLD Action despite the fact that MLD understood that it was critical to Sun West's risk assessment when purchasing the Loan under the Agreement, and MLD understood that Sun West was relying upon MLD's representations and warranties and other pertinent information provided by MLD related to the Loan.

26. As a direct and proximate result of these breaches, Sun West has been damaged in an amount according to proof at trial, but in excess of $25,000, plus interest, exclusive of interest and costs.

5
**COMPLAINT**

## V. **PRAYER FOR RELIEF**

WHEREFORE, Sun West prays that the Court enter judgment in its favor, and against MLD, as follow:

1. For general and compensatory damages in an amount to be proven at trial but in no event less than $193,249.91 plus fees and interest which continues to accrue;

2. For the full amount of Sun West's attorneys' fees incurred herein as required by paragraph 16(k) the Agreement;

3. For costs of suit herein;

4. For pre-judgment and post-judgment interest as allowed by law; and

5. For such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: June 21, 2018

EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP

By: /s/ Scott E. Gizer
 Scott E. Gizer
 Andrew H. Steinberg
 Attorneys for Plaintiff Sun West
 Mortgage Company, Inc,